IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| In the Matter<br><br>of<br><br>The Complaint of SEBASTIAN DAVIES and LYNLEE DAVIES, as owners of 2000 Bayliner 1802 Trophy Cuddy bearing hull identification number BL3A46FJ1899 and Hawaiʻi registration HA2536G, and her engines, tackle, appurtenances, etc., for exoneration from or limitation of liability. | CIVIL NO. 21-00231 DKW-RT (Admiralty)<br><br>FINDINGS AND RECOMMENDATION TO GRANT LIMITATION PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST ALL CLAIMANTS WHO HAVE NOT FILED A CLAIM AND ANSWER |

**FINDINGS AND RECOMMENDATION TO GRANT LIMITATION PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AGAINST ALL CLAIMANTS WHO HAVE NOT FILED A CLAIM AND ANSWER**

The Limitation Plaintiffs Sebastian Davies and Lynlee Davies' ("Limitation Plaintiffs") Motion for Entry of Default and Default Judgment Against All Claimants Who Have Not Filed a Claim and Answer ("Motion") (ECF No. 23), filed on November 29, 2021, came on for a telephonic hearing on February 3, 2022, before the Honorable Rom A. Trader, United States Magistrate Judge.

ECF No. 26. Attorney Michael Nakano appeared on behalf of the Limitation Plaintiffs. No other party or claimants attended the telephonic hearing.

After careful consideration of the Motion, declaration, exhibits, records and files in this case, and applicable law, the Court FINDS that the required notice has been given and the time for filing a response to the Complaint has expired. The Court also FINDS that default judgment is appropriate. The Court thus RECOMMENDS that the district court enter default and default judgment against any and all claimants that have not filed a claim, answer, response and/or otherwise moved for leave to intervene in this proceeding.

## BACKGROUND

On May 14, 2021, the Limitation Plaintiffs filed a Complaint for Exoneration From or Limitation of Liability. ECF No. 1. This limitation action arises from a February 6, 2021 incident involving a recreational vessel referred to as 2000 Bayliner 1802 Trophy Cuddy ("Vessel"). The incident occurred while the Vessel was returning from a whale watching voyage and resulted in the death of Michael Erickson. When the incident occurred, eight people were aboard the Vessel: the Limitation Plaintiffs and their two children; Michael Erickson; Blake Viggilucci; Cynsie Craver; and Crystal Umphrey. On August 4, 2021, the Court issued an Order Acknowledging Compliance with Rules F(1) and F(2) of the

Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Order"). ECF No. 13.

On August 4, 2021, the Court issued an Order Directing Issuance of Notice, Publication Thereof and Restraining Order (ECF No. 14) and ordered that the Clerk's Office issue a notice to all persons asserting claims with respect to the Complaint to file their respective claims with the Clerk of this Court and to serve counsel for the Limitation Plaintiffs with a copy on or before November 12, 2021. The Order also required that public notice be given by publication in the Honolulu Star-Advertiser for four successive weeks prior to November 12, 2021. The Order further required that (1) no later than the date of second publication, the Limitation Plaintiffs were required to mail a copy of the notice to every person known to have made any claim against the Limitation Plaintiffs and/or the Vessel arising out of the incident and (2) any action which has already begun against the Limitation Plaintiffs in any other court for claims arising out of the incident against the Limitation Plaintiffs shall be stayed.

On August 4, 2021, the Clerk's Office issued a Notice to Claimants. ECF No. 15. On September 10, 2021, the Limitation Plaintiffs filed an Affidavit of Publication, which indicates that the Notice to Claimants was published in the Honolulu Star-Advertiser once a week for four consecutive weeks on August 12, August 19, August 26 and September 2, 2021.

3

The Limitation Plaintiffs state that the Notice to Claimants was mailed to Mr. Erickson's attorneys on August 9, 2021, and also to Mr. Vigilucci's attorney, Ms. Craver and Ms. Umphrey on August 13, 2021. ECF No. 23-1 at PageID #: 90-91. Ms. Craver and Ms. Umphrey confirmed receipt of the notice and each stated that they did not intend to file a claim. Id. On November 10, 2021, an Answer and Counterclaim were filed by Rochelle Marie Erickson ("Mrs. Erickson") on behalf of the Estate of Michael Erickson. ECF Nos. 20-21. On November 16, 2021, the Limitation Plaintiffs filed an Answer to Mrs. Erickson's Counterclaim. ECF No. 22.

On November 29, 2021, the Limitation Plaintiffs filed the instant Motion. ECF No. 23. The Limitation Plaintiffs request the Court (1) declare that the time period for filing a claim and/or answer in this limitation proceeding is closed and all claims which might have been properly filed in this proceeding is barred; (2) entry of default be entered against all claimants who have failed to file claims in this proceeding, pursuant to Fed. R. Civ. P. 55(a); and (3) default judgment be entered in favor of the Limitation Plaintiffs pursuant to Fed. R. Civ. P. 55(b)(2) against any and all parties who failed to file a claim in this limitation proceeding. The Limitation Plaintiffs seek to be exonerated from liability on all future claims for loss, injury, expense or damage arising out of the February 6, 2021 events involving the Vessel by any claimant who failed to file their claims by the

November 12, 2021 deadline. A telephonic hearing on the Motion was held on February 3, 2022. ECF No. 26.

## DISCUSSION

Under Rule F(5) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions:

> Claims shall be filed and served on or before the date specified in the notice provided for in subdivision (4) of this rule . . . If a claimant desires to contest either the right to exoneration from or the right to limitation of liability the claimant shall file and serve an answer to the complaint unless the claim has included an answer.

Id. Rule F(4) requires that the Limitation Plaintiffs publish "notice to all persons asserting claims with respect to which the complaint seeks limitation, admonishing them to file their respective claims with the clerk of the court and to serve on the attorneys for the plaintiff a copy thereof on or before a date to be named in the notice." Fed. R. Civ. P. F(4). The rule requires that the notice be published in a "newspaper as the court may direct once a week for four successive weeks prior to the date fixed for the filing of claims." Id.

The Limitation Plaintiffs complied with Rule F(1) and filed the Complaint in this case on May 14, 2021. ECF No. 1. The Court issued a Notice to Claimants (ECF No. 15) stating that all persons claiming damages in this case must file their claims and answer to the Complaint on or before November 12, 2021. In

compliance with F(4), the Notice to Claimants was published in the Honolulu Star-Advertiser for four consecutive weeks on August 12, August 19, August 26 and September 2, 2021.  ECF No. 18.  The November 12, 2021 deadline mandated by the Court for the filing of claims or answers has expired.  Pursuant to Rule F(4), all claimants were given ample notice and opportunity to respond or seek leave to extend the deadline to file a responsive pleading.  To date, only Mrs. Erickson has filed an answer and counterclaim to the Complaint.  No other parties have contacted the Limitation Plaintiffs or their counsel and expressed an interest, desire or intent to file a claim and/or answer.  Based on these facts, the Limitation Plaintiffs request that this Court enter default and default judgment against all potential claimants who have not responded in this case.

    An entry of default is appropriate "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a).  In this case, the deadline to file a responsive pleading has passed, and the Limitation Plaintiffs provided ample notice.  Accordingly, an entry of default is appropriate.

    As to the Limitation Plaintiffs' request for default judgment, "[i]f a plaintiff-in-limitation satisfies the procedural requirements under the Federal Rules of Civil Procedure, the Local Rules, and 'the notice requirements of Supplemental

Admiralty Rule F,' courts have discretion to grant default judgment against claimants who do not answer." In re Nova Grp., Inc., No. 20-CV-1202-MMA (AHG), 2020 WL 8675905, at *2 (S.D. Cal. Nov. 5, 2020) (citations omitted). Fed. R. Civ. P. 55(b)(2) provides that a court may enter default judgment following the Clerk's entry of default pursuant to Fed. R. Civ. P. 55(a). In determining whether default judgment is warranted, the Court evaluates the following factors:

> (1) the possibility of prejudice to the plaintiff, (2) the merits of plaintiff's substantive claim, (3) the sufficiency of the complaint, (4) the sum of money at stake in the action, (5) the possibility of a dispute concerning material facts, (6) whether the default was due to excusable neglect, and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decision on the merits.

Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986) (citation omitted). On default, "the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (quoting Geddes v. United Fin. Group, 559 F.2d 557, 560 (9th Cir. 1977)). The Court has carefully considered the Limitation Plaintiffs' submissions, and adopts the arguments and authorities relied upon by the Limitation Plaintiffs.

The Court finds that the first six factors weigh in favor of default judgment. The Limitation Plaintiffs would suffer prejudice if default judgment is not entered because decision on the merits is impossible, and the Limitation Plaintiffs would be without recourse for recovery. Although the Limitation Plaintiffs are not

7

asserting a substantive claim in this case, they are seeking exoneration from or limitation of liability from claimants who have not appeared in this case and thus, the merits and sufficiency of the Complaint weigh in favor of default judgment. Because the Limitation Plaintiffs' Complaint involves claimants who have not appeared, there is no money at stake and dispute of material facts are not an issue. Further nothing in the record suggests that any claimant's default was the result of excusable neglect. Only the last factor, policy favoring decision on the merits, does not weigh in favor of default judgment, but this factor does not preclude the finding that default judgment is appropriate in this case. Accordingly, the Court finds that under the totality of these factors, six out of seven Eitel factors weigh in favor of default judgment.

## CONCLUSION

The Court **FINDS** that the required notice has been given and the time for filing a claim and/or answer has expired. The Court thus **RECOMMENDS** that the district court enter default against any and all claimants that have not filed a claim, answer and/or otherwise moved for leave to intervene in this proceeding.

The Court **FINDS** that six of the seven Eitel factors weigh in favor of default judgment. The Court also **FINDS** that based on the facts of this case and pursuant to Fed. R. Civ. P. 54(b), there is no just reason to delay entry of default judgment against the nonresponsive claimants. Accordingly, the Court

**RECOMMENDS** that the district court enter default judgment against any and all claimants that have not filed a claim, answer and/or otherwise moved for leave to intervene in this proceeding.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, February 16, 2022.



Rom A. Trader
United States Magistrate Judge

---

Civ. No. 21-00231 DKW-RT; In the Matter of the Complaint of SEBASTIAN DAVIES and LYNLEE DAVIES, as owners of 2000 Bayliner 1802 Trophy Cuddy bearing hull identification number BL3A46FJ1899 and Hawaiʻi registration HA2536G, and her engines, tackle, appurtenances, etc., for exoneration from or limitation of liability; Findings and Recommendation to Grant Limitation Plaintiffs' Motion for Entry of Default and Default Judgment Against All Claimants Who Have Not Filed a Claim and Answer